### SEAGRIST v. STEWART et al.

(Supreme Court, Appellate Division, First Department. January 23, 1903.)

1. MUNICIPAL CORPORATIONS—BUILDINGS—STATUTES — ENFORCEMENT — INJUNCTION PENDENTE LITE—MODIFICATION.

An injunction pendente lite restraining the superintendent of buildings and tenement house commissioner in the city of New York from interfering with plaintiff in the construction of certain buildings under plans filed with the building department and approved April 3, 1901, provided that the buildings were built in accordance with the laws in force prior to April 10, 1901, and with the plans and specifications, should be so modified as not to restrain defendants from enforcing any of the provisions of the tenement house act as it existed prior to April 10, 1901.

Appeal from special term, New York county.

Bill by Francis S. K. Seagrist against Perez M. Stewart, as superintendent of buildings, etc., and Robert W. De Forrest, as tenement house commissioner, etc., to restrain the enforcement of certain provisions of the tenement house act against plaintiff. From an order granting an injunction pendente lite, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Matthew C. Fleming, for appellants.

Edward W. S. Johnston, for respondent.

PER CURIAM. By the order appealed from, the superintendent of buildings and the tenement house commissioner are enjoined and restrained during the pendency of this action from interfering with the plaintiff in the construction of the buildings proposed to be erected by him on the premises known as Nos. 317 to 325 West Forty-Second street in the borough of Manhattan and city of New York in accordance with the plans and specifications filed by the plaintiff with the building department, and duly approved by that department on April 3, 1901, provided that the buildings are built in accordance with the laws in force prior to the 10th day of April, 1901, and with such plans and specifications. Although we think that an injunction pendente lite should be granted, the terms of the order appealed from are, in our opinion, too broad, in that it seemingly enjoins the defendants from enforcing any of the provisions of the tenement house act, many of which apply to buildings in existence at the time the law went into effect. We do not think it was the intention of the judge at special term to enjoin the superintendent of buildings from enforcing the provisions of the tenement house act under the law as it existed prior to April 10, 1901, the question before the court being as to whether the subsequent laws passed in that year, and known as chapters 334 and 555 of the Laws of 1901, were applicable to the buildings in process of construction prior to the passage of those laws. As the language of the order might be construed as preventing the defendants from enforcing any of the provisions of the tenement house act which apply to tenements existing or those in process of construction prior to the enactments of 1901, the order in that respect should be modified, and, as so modified, affirmed, without costs.